**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

QUENCH LLC, dba DELEON
TEQUILA, et. al,

                    Petitioners,

vs.                                                        Case No. 3:11-cv-811-J-32TEM

LIQUOR GROUP WHOLESALE,
INCORPORATED,

                    Respondent.

_____

## ORDER

Petitioners, California corporations in the business of manufacturing liquor,

entered into an agreement with respondent ("LGW") to distribute their products.  (Doc. 1

Ex. A at 1 (Preliminary Injunction Award).)  LGW breached the agreement by, among

other things, failing to make payments and making unauthorized sales of petitioners'

product in Michigan, prompting petitioners to terminate the relationship and invoke the

arbitration clause found in the parties' agreement.  (Id. at 2.)

After a lengthy process that involved proceedings in this Court and before the

arbitrator, the arbitrator issued a Final Award (Doc. 43-1) largely in favor of petitioners.

LGW filed a motion to vacate the award (Doc. 41).  Petitioners oppose this motion (Doc.

44), and have filed an Amended Petition for Confirmation of Arbitration Award (Doc. 43).

**I.      Motion to Vacate Arbitration Award**

Arbitration of this matter was compelled pursuant to the Federal Arbitration Act

(Doc. 1), which narrowly limits judicial review of commercial arbitration awards.  B.L.

Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006) (citing 9 U.S.C. §§ 10-11), reversed on other grounds, Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313 (11th Cir. 2010).  See also AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (noting that "because arbitration is an alternative to litigation, judicial review of arbitration is among the narrowest known to law" (internal quotations omitted)).  "The FAA presumes the confirmation of arbitration awards [citations omitted], and federal courts should defer to an arbitrator's decision whenever possible."  B.L. Harbert Int'l, 441 F.3d at 909.

There are four exclusive statutory bases for vacating an award: 1) where the award was procured by corruption, fraud, or undue means; 2) where the arbitrator evidenced partiality or corruption; 3) where the arbitrator was guilty of misconduct; or 4) where the arbitrator exceeded his or her powers.  9 U.S.C. § 10(a)(1)-(4); see also Frazier, 604 F.3d at 1321.  An arbitrator need not state the reasons for the award. Schmidt v. Finberg, 942 F.2d 1571, 1575 (11th Cir. 1991).  Instead, arbitration awards are presumed correct, and the burden is on the party requesting vacatur to rebut this presumption by asserting sufficient grounds to vacate the award.  Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1223 (11th Cir. 2000).  See also Great Am. Ins. Co. v. Moye, 733 F.Supp. 2d 1298, 1301 (M.D. Fla. 2010) (noting the court will not relitigate the arbitrator's factual determinations).

Having lost the arbitration, LGW seeks to vacate the arbitrator's decision on two separate theories: first, that the arbitrator lacked jurisdiction over LGW and second, that the arbitrator prejudiced LGW by waiting until after the final hearing before deciding if

newly-named respondents were subject to the arbitrator's jurisdiction.  Because LGW has failed to show grounds for vacating the arbitrator's decision, its Motion to Vacate Arbitration Award is due to be denied.

### A.    LGW Was Subject to the Arbitrator's Jurisdiction

LGW maintains, as it has throughout these proceedings, that a separate company, Liquor Group Holding, was the proper party to the disputed contract that prompted arbitration, and therefore it is Liquor Group Holding, and not LGW, that should be subject to the arbitrator's jurisdiction. (Doc. 41 at 15.)

This argument has repeatedly been rejected.  In both the Preliminary Injunction Award and in the Final Award, the arbitrator found LGW was the proper party to the parties' underlying agreement.  (Doc. 1 Ex. A at 6, 9-15 (Preliminary Injunction Award); Doc. 43-1 at 18 (Final Award).)  Because this agreement included the arbitration clause at issue, it follows that LGW agreed to the arbitrator's jurisdiction.  Courts will not relitigate the arbitrator's finding, see Moye, 733 F.Supp. 2d at 1301, and the finding is therefore confirmed.

### B.    Arbitrator's Refusal to Continue the Final Hearing was Reasonable

LGW next claims the arbitrator committed misconduct under 9 U.S.C. § 10(a)(3) by failing to continue the final hearing.  (Doc. 41 at 19.)  Section 10(a)(3) provides that a district court may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon significant cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a)(3).

"In applying the statutory grounds for the granting of a motion to vacate an award, [the court] must always bear in mind that the basic policy of conducting arbitration proceedings is to offer a means of deciding disputes expeditiously and with lower costs than in ordinary litigation." Schmidt v. Finberg, 942 F.2d 1571, 1573 (11th Cir. 1991).  In Schmidt, the arbitrators denied a request to postpone a hearing without offering any explanation.  Id. at 1574.  On appeal, the court stated the issue "comes down to the question whether there was any reasonable basis for the arbitrators to refuse to postpone the hearing or to continue it . . . ."  Id.  In the present case, the arbitrator had a reasonable basis for refusing to continue the final hearing.

On October 31, 2011, the arbitrator granted petitioners' motion to file a second amended claim, which sought to add four new respondents to the arbitration.[1]  (Final Award at 5.)  Although not required by the American Arbitration Association ("AAA") rules of procedure, the arbitrator conditioned each of the respondents' fifteen-day response time from the date on which the AAA confirmed service on them.  (Id.)  Petitioners properly effected service upon three of the four respondents according to standard AAA procedure; however, service to Liquor Group Holding was sent to the wrong address.  (Id. at 18.)  Although the other three parties received service, the AAA failed to confirm such service as the arbitrator ordered.  (Id. at 6.)  The arbitrator held the final hearing on January 19, 2012 without first deciding whether this failure would relieve these

_____

[1] Three of the parties, Liquor Group Florida, Liquor Group Illinois, and Liquor Group Michigan, evidently hold necessary licenses to sell alcohol in their respective states.  (See Doc. 41 at 5-6.)  As noted by the arbitrator, LGW's relationship with the fourth party, Liquor Group Holding, is less clear.  (Final Award at 26.)

4

respondents of his jurisdiction.  (Id. at 13-14.)

LGW contends the decision to move forward prejudiced its case by forcing its counsel to proceed without knowing whether the other respondents would be involved. However, there was no prejudice.  During a telephonic hearing held with the arbitrator on January 13, 2012, LGW's counsel did not object to petitioners' assertion that the other respondents had been properly served, but instead stated he would file a motion to dismiss and a motion to continue by the end of the day.  (Id. at 7-8.)  That evening, LGW filed only one page of what purported to be a motion to dismiss and, despite several requests, it was not until January 18 that the arbitrator received the full text of the motion to dismiss and motion to continue.  (Id. at 8-9, 11-12.)  Upon reading the motions the following morning (the morning of the final hearing), the arbitrator learned for the first time of the failure to confirm service on the other respondents.  (Id. at 12-13.)

At the hearing itself, LGW's counsel announced that he could not proceed with his case without knowing the status of his motion to dismiss the other respondents. However, the motion had no bearing on LGW's status in the litigation, and counsel understood that LGW's presence at the hearing was required regardless of the other parties' status.[2]  (Id. at 13-15.)  Nevertheless, counsel actually walked out of the final

---

[2] The following exchange took place between LGW's counsel and the arbitrator:

> THE ARBITRATOR: "If I granted your motion to dismiss–you weren't seeking a dismissal for Liquor Group Wholesale, Inc. [LGW], were you?  Were you seeking a dismissal for Liquor Group Wholesale, Inc.?"

> MR. SARRIS [LGW's Counsel]: "No."

hearing without presenting any evidence or putting on any sort of case.  (Id. at 13-15.)

Though the Final Award is largely in favor of the petitioners, the arbitrator did in fact

dismiss claims against Liquor Group Holding because service was sent to the wrong

address.  (Id. at 21.)  Further, claims against Liquor Group Michigan and Liquor Group

Illinois were dismissed because of the AAA's failure to confirm service.  (Id. at 21-22.)

However, Liquor Group Florida had not properly objected to the service failure, nor had it

filed a motion to dismiss on its own behalf; therefore, the arbitrator found this entity was

subject to his jurisdiction.  (Id. at 22.)

    Based on these circumstances, the arbitrator was not "guilty of misconduct" under

Section 10(a)(3) when he proceeded with the final hearing.  His decision was reasonable

and, because LGW has not shown any reason under 9 U.S.C. § 10 for vacatur, its Motion

to Vacate Arbitration Award (Doc. 41) is due to be denied.

**II.    Petition for Confirmation of Arbitration Award**

    As noted above, arbitration awards are generally confirmed absent specific

statutory violations.  Frazier, 604 F.3d at 1321.  The arbitrator found petitioners were

entitled to injunctive relief, requiring, among other things, that LGW and Liquor Group

Florida refrain from selling petitioners' product and provide petitioners with the location of

product remaining in respondent's possession.  (Final Award at 28.)  Additionally, the

final award granted petitioners damages of $328,060.00, to be offset by the value of

product returned to or reclaimed by petitioners (Id. at 27.)

-----

(Doc.44-4 at 52 (January 19, 2012 Final Hearing Transcript).)

LGW has not established any statutory basis for vacatur; the award was not procured by corruption or undue means, the arbitrator did not exceed his power, nor was he guilty of partiality, corruption or misconduct.  9 U.S.C. § 10.  Furthermore, the award is not subject to modification under 9 U.S.C. § 11, as the issue was submitted to the arbitrator and LGW has not contended that the award was miscalculated or imperfect as to form.  Therefore, petitioners' Amended Petition for Confirmation of Arbitration Award (Doc. 43) is due to be granted.

## III.    <u>Application for Award of Fees and Costs</u>

Generally, parties must pay their own attorneys' fees under the so-called "American Rule," unless a statute or contract provides otherwise.  <u>Alyeska Pipeline Serv. Co. v. Wilderness Society</u>, 421 U.S. 240, 247, 257-60 (1975).  While the FAA "contains no exclusion of attorney's fees from the scope of arbitrable issues," <u>Moeller v. Cassedy</u>, 364 F. Supp.2d 1340, 1343 (N.D. Fla. 2005), Florida law governs a claimant's right to recover attorney's fees, and "[t]he arbitrator has no authority to award fees absent an express waiver of [Fla. Stat. § 682.11]."  <u>Turnberry Assocs. v. Service Station Aid, Inc.</u>, 651 So.2d 1173, 1175 (Fla. 1995).  Parties may, "'by their actions, filings, and submissions, expressly waive their right to insist that only a court decide the issue of attorney's fees.'"  <u>Kostoff v. Fleet Securities, Inc.</u>, 506 F. Supp.2d 1150, 1160 (M.D. Fla. 2007) (citing <u>Cassedy v. Merrill Lynch, Pierce Fenner & Smith, Inc.</u>, 751 So. 2d 143, 149 (Fla. 1st DCA 2000).

Petitioners note the agreement underlying the arbitration specifically provides that the "prevailing party, as determined by the arbitrator, shall be entitled to recover its

reasonable costs, attorneys' fees, including costs and fees on appeal." (Final Award at 30; Agreement Section 9.1.) Further, "[b]oth parties agree to be bound by the findings of such arbitration and waive their rights to all other forms of litigation." (Id., Agreement Section 9.2.) This Court has recognized similar language of an agreement may suffice to provide jurisdiction for an arbitrator to award attorneys' fees. First Automotive Service Corp., N.M. v. First Colonial Ins. Co., no. 3:07-cv-682-J-32TEM 2010 WL 2431889 (M.D. Fla. June 16, 2010) (noting an agreement requiring "any differences . . . between the contracting parties . . . shall be submitted to arbitration . . . ," combined with the parties' actions, constituted a waiver of Fla. Stat. § 682.11). Respondent claims it did not consent to this language because it was not a party to the agreement; however, as discussed above, this claim is without merit.

     With regard to the administrative fees and expenses, the arbitrator found that petitioners are entitled to recover $34,160. (Final Award at 33.) Respondent has not shown a statutory basis to vacate or modify this award under either 9 U.S.C. § 10 or 9 U.S.C. § 11, and the arbitrator's finding on this point is confirmed.

     With regard to the attorneys' fees and costs, the arbitrator found his authority only allowed him to determine that petitioners were the prevailing parties. (Final Award at 32-33.) This finding is confirmed, as respondent has shown no statutory basis for vacatur. The arbitrator declined, however, to determine "entitlements" and amount of fees and costs recoverable, and petitioners have renewed their request for fees here. (See Doc. 43 at ¶ 32 (renewing Claimant's Application for Award of Fees and Costs (Doc. 43-2).).

Upon due consideration, it is hereby

**ORDERED**:

1.     Respondent's Motion to Vacate Arbitration Award (Doc. 41) is **DENIED**.

2.     Petitioners' Amended Petition for Confirmation of Arbitration Award (Doc. 43) is **GRANTED**.

3.     The Final Award, dated April 9, 2012 (Doc. 43-1) is **CONFIRMED**.

4.     The Clerk shall terminate Doc. 15.

5.     Petitioners will submit a proposed final judgment incorporating the rulings made herein no later than **October 15, 2012**, including a blank space for attorney's fees and costs.

6.     Respondent will file a response to petitioners' claim for fees and costs no later than **October 15, 2012**.  If respondent does not file its response by that time, the Court will assume the claim is unopposed.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of September, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

krk.
Copies:
counsel of record
Terrance E. Schmidt, Arbitrator

9